UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADIHA MINER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | No. 2:19-cv-1624-TLN-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 5. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

  Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.[2]

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Plaintiff has also moved for summary judgment. ECF No. 4. Because the first amended complaint must be dismissed, that motion is moot.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Liberally construed, plaintiff's one paragraph complaint alleges that she and her family have been subjected to harassment by employees of defendant Social Security Administration ("SSA"). ECF No. 2. Plaintiff also states that she is expressing her rights under the Civil Rights Act of 1964 and the First, Thirteenth, and Fourteenth Amendment. *Id*. But the complaint does not contain any specific factual allegations that could support any claim for relief, much less claims for violation of plaintiff's constitutional and civil rights.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of

particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). Here, plaintiff's conclusory statement that she and her family were subjected to harassment fails to provide defendant with sufficient notice of the factual basis of her claims. Her reference to the First, Thirteenth, and Fourteenth Amendments suggests that she is attempting to allege a claim under 42 U.S.C. § 1983. But plaintiff brings this action against the SSA, a federal agency, and not a state actor. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) ("Section 1983 liability attaches only to individuals 'who carry a badge of authority of a State and represent it in some capacity.'"); *Russell v. United States Dep't of the Army*, 191 F.3d 1016 ("Section 1983, however, provides no right of action against federal (rather than state) officials."). Even if the court were to construe plaintiff's complaint as an attempt to assert a claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the claim would still fail because a *Bivens* claim cannot be maintained against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994).

The complaint also fails to state a claim for violation of the Civil Rights Act of 1964. In addition to failing to identify the specific provision defendant allegedly violated, plaintiff fails to allege any facts demonstrating that she was subjected to discrimination on account of race, color, or national origin. *See* 42 U.S.C. §§ 2000d and 2000e-2.

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim.[3] Plaintiff will be granted leave to file an amended complaint. An amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

---

[3] Plaintiff has also filed a motion styled as a motion for a cease and desist order (ECF No. 3), which the court construes as a motion for injunctive relief, and a motion for summary judgment (ECF No. 4). Given that plaintiff's complaint must be dismissed, she cannot demonstrate that she is entitled to judgment in her favor or even a chance of success on her claims. *See Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995) (to obtain a preliminary injunction, a plaintiff must, at a minimum, demonstrate that there is a fair chance of success on the merits). Consequently, these motions must be denied.

(district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 5) is granted.

2. Plaintiff's first amended complaint is dismissed with leave to amend, as provided herein.

/////
/////
/////

4

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

Further, it is RECOMMENDED that plaintiff's motions for injunctive relief (ECF No. 3) and for summary judgment (ECF No. 4) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 18, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE